UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL RAY LAAKE and<br>KATHY LANIER,<br>   Plaintiffs | § <br>§ <br>§ <br>§ | |
| vs. | § | CIVIL ACTION NO.  4:09-cv-2212 |
| PENTAGROUP FINANCIAL, LLC<br>   Defendant | § <br>§ <br>§ | JURY DEMAND |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Paul Ray Laake and Kathy Lanier, Plaintiffs in the above-numbered and styled case, complaining of and against Pentagroup Financial, LLC (hereinafter "Pentagroup") and for cause of action would respectfully state the following:

### I.  INTRODUCTION

1.  This is an action for damages brought by Plaintiffs, Paul Ray Laake and Kathy Lanier, consumers, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*. (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001, *et. seq*. (hereinafter "TDCA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.40 *et. seq.* (hereinafter "DTPA"), which prohibits deceptive acts or practices in the conduct of any trade or commerce.

### II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and supplemental jurisdiction for the state law claim is afforded by 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III.  PARTIES

3.  Plaintiff, Paul Ray Laake is a recently discharged United States Marine with four years of honorable service and at least one combat tour.   Plaintiff Paul Ray Laake is an individual residing in Spring, Harris County, Texas.

4.   Plaintiff, Kathy Lanier is an individual residing in Conroe, Montgomery County, Texas.

5.  Defendant Pentagroup Financial, LLC is a Texas limited liability company doing business in the State of Texas.  The principal purpose of Defendant Pentagroup is the collection of debts using the telephone and mail, and the Defendant regularly attempts to collect debts alleged to be due another.  Pentagroup Financial, LLC may be served through its registered agent, Ransom Lummis, 5959 Corporate Drive, Suite 1400, Houston, Texas 77036.

6.  Defendant Pentagroup is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### IV.  FACTUAL ALLEGATIONS

7.   Several years ago, Plaintiff Paul Ray Laake applied for credit through NTB. Several years ago, Plaintiff Paul Ray Laake defaulted on his credit account (hereinafter the "debt").

8.   On or before November 2007, the debt was turned over to Defendant Pentagroup for collection.   In late November 2007, Defendant Pentagroup called Plaintiff Kathy Lanier in an attempt to collect her son's debt.

9.   On or about November 2007, Defendant's collectors who go by "Jo Bigouette" and "William Reynolds" called Plaintiff Kathy Lanier and informed her that Plaintiff Paul Ray Laake owed  approximately $2,251.00.  Defendant was willing to settle the account for $1,801.52.

10.  Plaintiff Kathy Lanier informed Defendant that her son did not reside with her.

11.   William Reynolds, Defendant's collector, informed Plaintiff Kathy Lanier that he was Defendant's "Senior Auditor" and that he was aware that Plaintiff Paul Ray Laake was serving in the military.  Mr. Reynolds informed Mrs. Lanier that if her son failed to pay his debt, he would get in trouble with his superiors in the military.

12.   Out of fear for her son's well-being and his military career, Plaintiff Kathy Lanier offered to pay $1,100.00 to settle the account.

13.   Mr. Reynolds advised Plaintiff Kathy Lanier he needed approval from an attorney with Defendant and placed Plaintiff on hold.

14.   Defendant returned to the call and agreed to accept $1,100.00 from Plaintiff Kathy Lanier to settle her son's account if, and only if, she would make her payment the same day.   Defendant informed Plaintiff Kathy Lanier that he could not extend the offer any further than that same day.

15.   Plaintiff Kathy Lanier provided bank account information to Defendant over the telephone so that Defendant would withdraw the $1,100.00 to settle the account.

16.   Throughout the duration of Defendant's calls to Plaintiff Kathy Lanier, her son Plaintiff Paul Ray Laake was serving in the United States Marine Corps in Iraq.   Plaintiff Laake was honorably discharged from the Marines on or about April, 2009.

17.   As a result of Defendant's debt collection activity, Plaintiff Paul Ray Laake has suffered humiliation and embarrassment.

18.   As a result of Defendant's debt collection activity, Plaintiff Kathy Lanier has suffered humiliation, anxiety and emotional distress.

### V.  CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

19.    Plaintiffs incorporate paragraphs 1-18 above.

20.  Defendant violated the FDCPA by communicating with Kathy Lanier regarding Plaintiff Paul Ray Laake's purported debt without his permission in violation of 15 U.S.C. § 1692c(b).

21. Defendant violated the FDCPA by using unfair practices against Plaintiff Paul Ray Laake in violation of 15 U.S.C. § 1692f.

22. Defendant violated the FDCPA by using false representations and deceptive means in order to potentially disgrace Plaintiff Paul Ray Laake in violation of 15 U.S.C. § 1692e(7) and (10).

23. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff Paul Ray Laake for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

### VI. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT

24. Plaintiffs incorporate paragraphs 1-18 above.

25. Defendant violated the TDCA by threatening Plaintiff Kath Lanier with contacting her son's military superiors violation of Tex. Fin. Code § 392.301(a).

26. Defendant violated the TDCA by continuously calling Plaintiff Kathy Lanier with the intent to harass Plaintiffs in violation of Tex. Fin. Code § 392.302(4).

27. Defendant violated the TDCA by threatening Plaintiff Kathy Lanier that it would lodge a complaint against Plaintiff Paul Ray Laake for nonpayment of a consumer debt in violation of Tex. Fin. Code § 392.301(a)(6).

28. Defendant violated the TDCA by misrepresenting to Plaintiff Kathy Lanier that an attorney was involved in the collection of Plaintiff Paul Ray Laake's purported debt in violation of Tex. Fin. Code § 392.304(a)(17).

29. As a result of these violations of the TDCA, Defendant is liable to the Plaintiffs for actual damages, statutory damages, and costs and attorney's fees.

30. Because violations of the TDCA constitute deceptive trade practices under Tex. Fin. Code § 392.404(a), Defendant has also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et. seq.  Furthermore, because the Defendant acted knowingly and/or intentionally Plaintiffs are entitled to additional damages under the DTPA.

## VII.  JURY DEMAND

31. Plaintiffs demand a jury trial.

## VIII.  PRAYER

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and the TDCA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Tex. Fin. Code § 392.403(a)(2);

C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Tex. Fin. Code § 392.403(e);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b), including fees in the event of appeal; and

F. Such other and further relief as may be just and proper.

Respectfully submitted,

 /s/ Dana Karni_____
DANA KARNI
Karni Law Firm, P.C.
State Bar No. 24044379
S.D. Texas Bar No. 592484
4635 Southwest Freeway; Suite 610
Telephone: 713-552-0008
Facsimile:   713-454-7247
DKarni@TexasConsumerDebt.com
ATTORNEY FOR PLAINTIFFS